UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 0:20cv61256

HOWARD SINGER,

    Plaintiff,

v.

UNITED COLLECTION BUREAU, INC.,

    Defendant.
_____/

## COMPLAINT
## JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant sent letters into this District.

## PARTIES

3.    Plaintiff, HOWARD SINGER, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, UNITED COLLECTION BUREAU, INC.., ("UCB" or "Defendant") is an Ohio Corporation with its principal place of business located at 5620 SOUTHWYCK BLVD, TOLEDO, OH 43614.

5. Defendant is registered with the Florida Department of State Division of Corporations as a foreign corporation. Its registered agent for service of process is the CORPORATION SERVICE COMPANY, 1201 HAYS STREET, TALLAHASSEE, FL 32301.

6. Defendant is registered with the Florida Office of Financial Regulation as a consumer collection agency.

7. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8. Defendant regularly collects or attempts to collect debts for other parties.

9. Defendant is a "debt collector" as defined in the FDCPA and the FCCPA.

## FACTUAL ALLEGATIONS

10. Defendant sought to collect from Plaintiff an alleged debt ("the alleged debt").

11. The alleged debt arose from a credit card account.

12. Plaintiff used the credit card account to make purchases for personal, family and household purposes.

13. The alleged debt went into default with the original creditor.

14. Thereafter, the original creditor referred the debt to Defendant for the purpose of collecting the alleged debt.

15. On or about October 14, 2019, Defendant sent a letter directly to Plaintiff at his home address seeking to collect the alleged debt, attached as Exhibit ("A").

16. On or about October 28, 2019, Plaintiff mailed Defendant a letter disputing the debt and informing Defendant that he was represented by counsel and informing Defendant of his counsel's name and address, attached as Exhibit ("B").

17. Plaintiff obtained a certificate of mailing from the United States Postal Service, certifying that the October 28, 2019 letter detailed in paragraph 16 above was mailed to Defendant, attached as Exhibit ("C").

18. On or about November 1, 2019, Defendant sent a letter directly to Plaintiff at his home address in apparent acknowledgement of Plaintiff's letter dated October 28, 2019 and seeking to collect the alleged debt, attached as Exhibit ("D").

19. At the time Defendant sent its November 1, 2019 letter directly to Plaintiff at his home address, Defendant knew Plaintiff was represented by an attorney with respect to the alleged debt.

20. Defendant knew of Plaintiff's representation by counsel as it acknowledged receipt of Plaintiff's letter of October 28, 2019 in Defendant's November 1, 2019 letter.

21. Plaintiff's attorney had not consented to Defendant's direct communication with Plaintiff.

22. Plaintiff's attorney had not failed to respond to any communication of Defendant within a reasonable amount of time.

23. No court had authorized Defendant's direct communication with Plaintiff.

24. At the time Defendant sent its November 1, 2019 letter, Defendant knew that the FDCPA and the FCCPA prohibited it from communicating directly with Plaintiff.

25. Should Defendant continue to communicate directly with Plaintiff, Plaintiff will be harmed in the future by the inability to avail himself to the representation of his counsel.

## COUNT I
## COMMUNICATION WITH A CONSUMER REPRESENTED BY COUNSEL IN VIOLATION OF 15 U.S.C §1692c(a)(2)

26. Plaintiff incorporates Paragraphs 1 through and including 25.

27. Defendant communicated directly with Plaintiff when Defendant knew Plaintiff was represented by an attorney in violation of 15 U.S.C. §1692c(a)(2).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT II
## COMMUNICATION WITH A CONSUMER REPRESENTED BY COUNSEL IN VIOLATION OF Fla. Stat. §559.72 (18)

28. Plaintiff incorporates Paragraphs 1 through and including 25.

29. Defendant communicated directly with Plaintiff when Defendant knew Plaintiff was represented by an attorney in violation of Fla. Stat. §559.72 (18).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

      b.      Attorney's fees, litigation expenses and costs of suit; and

      c.      Such other or further relief as the Court deems proper.

## COUNT III
## ILLEGAL COLLECTION TECHNIQUES IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

30. Plaintiff incorporates Paragraphs 1 through and including 25.

31. Defendant asserted the right to collect a debt by communicating directly with Plaintiff when Defendant knew Plaintiff was represented by an attorney and when Defendant knew did not have a legal right to directly communicate with Plaintiff in violation of Fla. Stat. §559.72(9).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.      Damages;

      b.      Attorney's fees, litigation expenses and costs of suit; and

      c.      Such other or further relief as the Court deems proper.

## COUNT IV
## DECLARATORY AND INJUNCTIVE RELIEF

32. Plaintiff incorporates Paragraphs 1 through and including 25.

33. The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div.*, 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    declaring that Defendant's direct communication with Plaintiff and that its assertion of the right thereof violates the FCCPA;

    b.    permanently enjoining Defendant from direct communication with Plaintiff; and

    c.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Shera Erskine Anderson, Esq.
304 Indian Trace, #414
Weston, FL 33326
shera_anderson@outlook.com


By: s/ Shera E. Anderson, Esq.
Shera E. Anderson, Esq.
Florida Bar No. 68129